UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PHASE 2, LLC d/b/a VISION GRILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SALCO, INC. d/b/a TWO TREES PRODUCTS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Phase 2, LLC d/b/a Vision Grills ("Vision Grills), by its attorneys, alleges the following in support of its claims and causes of action against defendant Salco, Inc. d/b/a Two Trees Products ("Two Trees Products") based on Vision Grills' ownership of the trademarks VISION, VISION GRILLS logo and BRINGING BACK FLAVOR ("the VISION GRILLS Marks") and Vision Grills' use of the VISION GRILLS Marks in connection with an array of products and services and Two Trees Products' subsequent, improper, and infringing use of the VISION GRILLS Marks and Two Trees Products' continued improper use of the VISION GRILLS Marks.

## THE PARTIES

1. Plaintiff Vision Grills is a limited liability company organized and existing under the laws of the State of Missouri, having a principal place of business at 1531 Fairview Avenue, Suite B, St. Louis, Missouri 63132. Vision Grills does business within this judicial district.

2. Upon information and belief, defendant Two Trees Products is a corporation organized and existing under the laws of the State of California, having a place of business at

P.O. Box 615, Tujunga, California 91043 and has a registered agent located at 8126 Cora St., Sunland, CA 91040. Two Trees Products is also a party to the Settlement Agreement at issue in this lawsuit.

3.  Upon information and belief, Two Trees Products does business throughout the United States and does business within this judicial district, including sales or offers for sale and advertising of lump charcoal products that infringe Vision Grills' trademark rights.

## JURISDICTION AND VENUE

4.  This is a complaint for violations arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, (the "Lanham Act"), common law trademark infringement and unfair competition under the laws of the State of Missouri, breach of contract and unjust enrichment.

5.  This Court has original subject matter jurisdiction over Vision Grills' claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121. This Court has supplemental jurisdiction over Vision Grills' state law claims under 28 U.S.C. § 1367.

6.  This Court has personal jurisdiction over Two Trees Products at least because Two Trees Products has committed tortious acts, including the acts of trademark infringement complained of herein, in the State of Missouri, and in this judicial district, which have injured Vision Grills in this judicial district.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and § 1391(c)(1), (d) because Two Trees Products is subject to the Court's personal jurisdiction in this District.

## FACTUAL BACKGROUND

8. Vision Grills is provider of barbecue grill products including gas and charcoal grills and accessories. Vision Grills' products are sold throughout the United States.

9. Vision Grills owns and uses, in connection with various barbeque grill products and accessories, multiple common law and some federally registered marks, including but not limited to, the VISION GRILLS Marks. An example of this use is shown below:



10. Vision Grills is the owner of U.S. Trademark Registration No. 3,686,753 for VISION in International Class 11 for "Barbeque Grills" as a standard character mark ("the '753 Registration"). A true and correct copy of the '753 Registration Certificate is attached as Ex. 1.

11. Vision Grills is the owner of U.S. Trademark Application Serial No. 86/445,875 for BRINGING BACK FLAVOR in International Class 4 for "Charcoal for Fuel" and International Class 11 for "Barbeque Grills" as a standard character mark ("the '875 Application"). A true and correct copy of the '875 Application is attached as Ex. 2. The '875

Application issued as U.S. Trademark Registration No. 5,013,588 on August 2, 2016 ("the '588 Registration"). A true and correct copy of the '588 Registration is attached as Ex. 3.

12. Vision Grills is the owner of the common law trademarks VISION, VISION GRILLS, VISION GRILLS (AND DESIGN) and BRINGING BACK FLAVOR for grills and grill related products, including lump charcoal.

13. The marks VISION, VISION GRILLS, VISION GRILLS (AND DESIGN) and BRINGING BACK FLAVOR are valid at common law.

14. The '753 Registration and the '875 Application are valid and subsisting and record title is in the name Phase 2, LLC DBA Vision Grills.

15. Vision Grills uses and has continuously used the VISION GRILLS Marks for, on, and in connection with its grill and grill accessory products.

16. Consumers recognize the VISION GRILLS Marks as identifying Vision Grills as the source of the identified goods and services.

17. On April 3, 2015 Vision Grills and Two Trees Products entered into a Trademark License Agreement ("the License Agreement"). A true and correct copy of the License Agreement is attached as Ex. 4. The License Agreement granted Two Trees Products the limited right to use the VISION GRILLS logo and BRINGING BACK FLAVOR trademarks (the "Licensed Trademarks") only in the United States and Mexico, and only in connection with lump charcoal branded as VISION GRILLS and sold only in twenty pound bags exclusively to Sam's Clubs. *Id.*

18. In part, the License Agreement obligated Two Trees Products to use the Licensed Trademarks only in connection with Licensed Products "which are of a quality at least equal to that of corresponding products that Vision Grills sells under the Licensed Trademarks." Ex. 4.

4

19. The License Agreement also provided that, upon termination for any reason, Two Trees Products "shall immediately discontinue and refrain from thereafter using any of the Licensed Trademarks." Ex. 4.

20. The License Agreement expired on April 4, 2016 and was not renewed, modified or amended.

21. Two Trees Products did not use any of the VISION GRILLS Marks prior to the Effective Date of the License Agreement.

22. Vision Grills' actual use of the VISION GRILLS Marks pre-dates the date of Two Trees Products' first use, any date of actual first use upon which Two Trees Products may properly rely and any date of actual first use of which Two Trees Products may properly allege.

23. Vision Grills has spent substantial sums of money advertising the VISION GRILLS Marks and its products and services utilizing the VISION GRILLS Marks prior to Two Trees Products' improper use of the VISION GRILLS Marks.

24. Vision Grills contacted Two Trees Products and gave notice about Vision Grills' improper use of the VISION GRILLS Marks and the termination of the License Agreement.

25. After termination of the License Agreement, Vision Grills learned that numerous consumers, including those at Sam's Club, Home Depot, and Meek's have reported a significant decline in the quality of charcoal products sold by Two Trees Products branded with the VISION GRILLS Marks. As a result, upon information and belief, consumers' perception of the VISION GRILLS Marks has diminished, and this has negatively impacted sales of Vision Grills' products.

26. Additionally, Vision Grills learned that Two Trees Products recently sold charcoal products branded with the VISION GRILLS Marks in Europe without authorization or approval from Vision Grills, and therefore in violation of the License Agreement.

27. Since termination of the License Agreement, Two Trees Products continued to use the VISION GRILLS Marks without the authorization or approval of Vision Grills. This use included shipping lump charcoal products bearing one or more of the VISION GRILLS Marks for sale in at least one Sam's Club location within this judicial district. Exs. 5-6.

28. Based on these actions, on June 24, 2016, Vision Grills filed a federal lawsuit in the United States District Court for the Eastern District of Missouri against Two Trees Products alleging trademark infringement, unfair competition and breach of contract claims. This case proceeded under the case caption *Phase 2, LLC d/b/a Vision Grills v. Salco, Inc. d/b/a Two Trees Products*, 4:16-cv-00986 (E.D.Mo) ("the Litigation").

29. On July 11, 2016, Vision Grills and Two Trees Products entered a settlement agreement resolving all claims through July 11, 2016 ("the Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached as Exhibit 7.

30. The Settlement Agreement required Two Trees Products to "cease and desist use of the Vision Grills Marks or any trademark confusingly similar to the Vision Grills Marks throughout the world," including but not limited to, cease all shipment of lump charcoal product to Sam's Club, and Meek's branded with the VISION GRILLS Marks. Ex. 7.

31. On August 8, 2016, the Court dismissed the Litigation without prejudice and "retain[ed] jurisdiction over the Parties performance or non-performance of the agreement." Ex. 8.

6

32. Notwithstanding Two Trees Products' obligations set forth in the Settlement Agreement, since July 11, 2016, Two Trees Products continued to use, and continues to use, one or more of the VISION GRILLS Marks without Vision Grills' authorization or permission. For example, since July 11, 2016, Two Trees Products has continued to ship lump charcoal product in packaging branded with one or more of the VISION GRILLS Marks to customers including Sam's Club. Two Trees Products actions were without the consent or authorization of Vision Grills and are in breach of the Settlement Agreement.

33. Two Trees Products' actions are likely to cause confusion concerning the source of Two Trees Products' activities, goods and/or services and Two Trees Products' association with Vision Grills.

## COUNT I - TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## (15 U.S.C. 1125(A) AND 1114)

34. Vision Grills realleges and incorporates by reference paragraphs 1-33 as if set forth herein.

35. Two Trees Products no longer has the legal right to use or display the VISION GRILLS Marks and was required to cease use and display of the VISION GRILLS Marks by the post-termination obligations set forth in the Agreement.

36. Notwithstanding it no longer has the legal right to use or display the VISION GRILLS Marks, Two Trees Products has flagrantly continued to use and display one or more of the VISION GRILLS Marks in connection with the sale, offering for sale and advertising of Two Trees Products' lump charcoal products.

37. Two Trees Products' unauthorized use in commerce of the VISION GRILLS Marks, including but not limited to, VISION and the VISION GRILLS logo is likely to cause

confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Two Trees Products and its products and with Vision Grills and its products.

38. Two Trees Products' unauthorized use in commerce of the mark "VISION," including but not limited to, VISION and the VISION GRILLS logo is likely to cause confusion, or to cause mistake, or to deceive as to the approval of Two Trees Products or Two Trees Products' goods, services, or commercial activities by Vision Grills, and as to whether Two Trees Products' goods, services, or commercial activities originate from Vision Grills, are sponsored by Vision Grills, are approved by Vision Grills, or are in some way associated with Vision Grills.

39. Two Trees Products' use of the mark "VISION," including but not limited to, VISION and the VISION GRILLS logo constitutes false designation of origin or false description or representation, and Two Trees Products' use has caused, and is likely to further cause, the VISION GRILLS Marks to lose their significance as an indicator of origin.

40. These actions by Two Trees Products are in violation of 15 U.S.C. § 1125(a).

41. Two Trees Products' unauthorized use of the mark "VISION," including but not limited to, VISION and the VISION GRILLS logo was and is being conducted with full knowledge of Vision Grills' rights. Thus, Two Trees Products has willfully infringed Vision Grills' rights in violation of 15 U.S.C. § 1125(a).

42. Two Trees Products' continued use and display of the VISION GRILLS Marks for its own benefit constitutes willful, intentional, and bad faith infringement of the VISION GRILLS Marks in violation of 15 U.S.C. § 1114.

43. Upon information and belief, by its acts, Two Trees Products has made and will make substantial profits and gains to which it is not in law or equity entitled.

44. Vision Grills has been damaged and will continue to be damaged as a result of Two Trees Products' conduct.

45. Vision Grills has no adequate remedy at law inasmuch as money damages alone would not indemnify Vision Grills for the permanent loss of its proprietary rights, established goodwill, business reputation, and business plans, expectancies, and abilities.

46. Unless this Court enjoins Two Trees Products, which would serve the public interest, Two Trees Products' actions will continue to cause irreparable damage to Vision Grills' enterprises, property rights, goodwill, and business reputation that outweighs any possible harm to others.

47. Two Trees Products should be required to pay to Vision Grills its damages, including damages for corrective advertising and reverse confusion, all profits derived by Two Trees Products from Two Trees Products' wrongful use of the VISION GRILLS Marks and damages suffered by Vision Grills as a result of Two Trees Products' wrongful use of the VISION GRILLS Marks.

48. Because Defendant's infringement is intentional, Vision Grills is entitled to treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

### COUNT II – UNFAIR COMPETITION VIOLATION OF R.S.Mo. 417.061, 417.066 and COMMON LAW

49. Vision Grills restates paragraphs 1 through 33 and 35-48 as if set forth herein.

50. Two Trees Products' use of the VISION GRILLS Marks is likely to cause confusion, mistake or deception as to the source, origin, sponsorship or approval of the products Two Trees Products sells in that consumers and others are likely to incorrectly believe Vision Grills authorizes or controls the sale of those products or that Two Trees Products is associated

with or related to Vision Grills. Two Trees Products' unauthorized use is also likely to damage Vision Grills' business and to dilute the distinctive quality of the VISION GRILLS Marks.

51. Two Trees Products' use of the VISION GRILLS Marks infringes and dilutes the VISION GRILLS Marks, and entitles Vision Grills to injunctive relief pursuant to R.S.Mo. §§ 417.061 and 417.066, and common law.

52. Two Trees Products' use of the VISION GRILLS Marks is a deliberate, intentional and willful attempt to injure Vision Grills' business, to trade on Vision Grills' good will and to confuse and deceive consumers.

## COUNT III - BREACH OF CONTRACT

53. Vision Grills restates paragraphs 1 through 33, 35-48, 50-52 as if set forth herein.

54. Two Trees Products entered into the Settlement Agreement in which Two Trees Products agreed to "cease and desist use of the Vision Grills Marks or any trademark confusingly similar to the Vision Grills Marks throughout the World." Ex. 7 § 3(ii).

55. The VISION GRILLS Marks included the VISION GRILLS logo and BRINGING BACK FLAVOR Marks. Ex. 7.

56. Vision Grills has recently discovered that in violation of the Settlement Agreement's term, Two Trees Products has continued to sell products branded with one or more of the VISION GRILLS Marks, including to Sam's Club and Meek's.

57. All of the aforementioned conduct of Two Trees Products constitutes breaches of the Settlement Agreement including violation of Two Trees Products' obligations under Section 3 of the Settlement Agreement.

58. Vision Grills has been damaged in amount exceeding $75,000 as a result of these breaches.

## COUNT IV - UNJUST ENRICHMENT

59. Vision Grills restates paragraphs 1 through 33, 35-48, 50-52, and 54-58 as if set forth herein.

60. Two Trees Products has knowingly received and accepted a benefit at Vison Grills' expense, *i.e*., it has not compensated Vision Grills for use of the VISION GRILLS Marks since termination of the Agreement while retaining all of the revenues and sales proceeds from the Two Trees Products branded with one or more of the VISION GRILLS Marks.

61. The circumstances are such that it would be unjust for Two Trees Products to retain the benefits (*e.g.,* revenue) it has derived from misappropriation of the VISION GRILLS Marks.

62. Two Trees Products should be ordered to provide restitution in the amount equal to the benefits it received.

## COUNT V - COUNTERFEITING (15 U.S.C. § 1114)

63. Vision Grills realleges and incorporates by reference paragraphs 1 through 33, 35-48, 50-52, 54-58 and 60-62 as if set forth herein.

64. The lump charcoal product sold by Two Trees Products under the VISION GRILLS Marks is of subpar quality and has been, and will continue to be, refused or returned, by consumers.

65. Consumers, relying on Vision Grills' reputation, have no reason to suspect the counterfeit lump charcoal products sold by Two Trees Products under the VISION GRILLS Marks, are anything but genuine products meeting Vision Grills' quality standards. Consumers are likewise unaware at the time of purchase that the counterfeit lump charcoal products sold by

Two Trees Products are of inferior quality, including an inability to catch fire, and thus unsuitable for the intended purpose.

66. Two Trees Products no longer has the legal right to use or display the VISION GRILLS Marks and was required to cease use and display of the VISION GRILLS Marks by the termination of the License Agreement and the obligations set forth in the Settlement Agreement.

67. Notwithstanding it no longer has the legal right to use or display the VISION GRILLS Marks, Two Trees Products has flagrantly continued to use and display one or more of the VISION GRILLS Marks in connection with the sale, offering for sale and advertising of Two Trees Products' lump charcoal products.

68. Two Trees Products used in commerce of reproductions, counterfeits, and/or copies of the VISION GRILLS Marks including but not limited to VISION and the VISION GRILLS logo, in connection with the sale, offering for sale, distribution, or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Two Trees Products with Vision Grills. The copies of the VISION GRILLS Marks used by Two Trees Products are identical to or substantially indistinguishable from the genuine VISION GRILLS Marks.

69. Two Trees Products applied, without authorization, counterfeit and/or copied versions of the VISION GRILLS Marks to labels, wrappers, and products intended to be used in commerce and in connection with the sale, offering for sale, distribution, and/or advertising of goods or services in a manner that is likely to cause confusion, or to cause mistake, and/or to deceive. Two Trees Products applied counterfeit versions of the VISION GRILLS Marks to the classes of products, or to substantially the same classes of products, that the VISION GRILLS Marks are registered for use with the U.S. Patent & Trademark Office.

70. Two Trees Products acted with knowledge that its use of the VISION GRILLS Marks was intended to cause confusion, or to cause mistake, or to deceive.

71. Two Trees Products' continued use and display of the VISION GRILLS Marks for its own benefit constitutes willful, intentional, and bad faith infringement of the VISION GRILLS Marks in violation of 15 U.S.C. § 1114.

72. Upon information and belief, by its acts, Two Trees Products has made and will make substantial profits and gains to which it is not in law or equity entitled.

73. Vision Grills has been damaged and will continue to be damaged as a result of Two Trees Products' counterfeiting and infringement.

74. Vision Grills has no adequate remedy at law inasmuch as money damages alone would not indemnify Vision Grills for the permanent loss of its proprietary rights, established goodwill, business reputation, and business plans, expectancies, and abilities.

75. Unless this Court enjoins Two Trees Products, which would serve the public interest, Two Trees Products' actions will continue to cause irreparable damage to Vision Grills' enterprises, property rights, goodwill, and business reputation that outweighs any possible harm to others.

76. Two Trees Products should be required to pay to Vision Grills its damages, including damages for corrective advertising, all profits derived by Two Trees Products from Two Trees Products' wrongful use of the VISION GRILLS Marks and damages suffered by Vision Grills as a result of Two Trees Products' wrongful use of the VISION GRILLS Marks.

77. Because Two Trees Products' actions constitute counterfeiting under the Lanham Act, Vision Grills is entitled to statutory damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

## DEMAND FOR JURY TRIAL

78. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Vision Grills hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Vision Grills prays for judgment that:

A. Awards Vision Grills damages, including treble damages pursuant to 15 U.S.C. §1117;

B. Awards Vision Grills statutory damages pursuant to 15 U.S.C. § 1117(c);

C. Orders Two Trees Products to engage in corrective advertising, including ordering Two Trees Products to issue a public press release informing the public that the products of Two Trees Products are in no way sponsored by or authorized by Vision Grills, and to deliver to Vision Grills a copy of said press release;

D. Enjoins Two Trees Products, its officers, agents, sales representatives, servants, employees, associates, successors and assigns, and all persons acting under its control, by, through, under, or in active concert or in participation with them, from in any way using the VISION GRILLS Marks and other confusingly similar marks;

E. Provides an accounting of Two Trees Products' profit resulting from sales of products branded with one or more of the VISION GRILLS Marks and disgorge all profits to Vision Grills;

F. Requires Two Trees Products deliver up for destruction all advertising, literature, packaging (including empty bags) and other forms of promotional material bearing one or more of the VISION GRILLS Marks;

G.	Orders Two Trees Products to recall all products and/or packaging branded with the VISION GRILLS Marks and to destroy all product or packaging;

H.	Requires Two Trees Products make a full report to this Court of its compliance of the foregoing within thirty (30) days of judgment;

I.	For a fair and just amount of actual damages;

J.	For punitive damages;

K.	For prejudgment and post-judgment interest;

L.	Reasonable attorney fees and costs under 15 U.S.C. § 1117; and

M.	Grant any and all further relief as this Court may deem just, necessary or proper.

Dated: November 4, 2016					Respectfully submitted,

/s/ Joel R. Samuels
Michael J. Thomas, Bar No. 46634MO
Email: MThomas@hdp.com
Bryan K. Wheelock, Bar No. 32571MO
Email: BWheelock@hdp.com
Joel R. Samuels, Bar No. 63587MO
Email: JSamuels@hdp.com
HARNESS DICKEY & PIERCE, P.L.C.
7700 Bonhomme Ave., Suite 400
St. Louis, Missouri 63105
Phone: (314) 726-7500
Fax: (314) 726-7501

*Attorneys for Plaintiff Phase 2, LLC d/b/a/ Vision Grills*

61873101.1